United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-60690
(Summary Calendar)

———————————

EDWARD C. CAMPBELL,

Petitioner,

versus

LAKE CHARLES STEVEDORES, INC.; P&O PORTS TEXAS, INC.;
AND DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
U.S. DEPARTMENT OF LABOR,

Respondents.

———————————

On Appeal from the United States Department of Labor
Benefits Review Board
Case No. 01-LHC-1732, OWCP No. 07-158838
BRB No. 02-0500

———————————

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Edward C. Campbell petitions for review of the decision of the

Benefits Review Board of the United States Department of Labor

("BRB") affirming the decision of the ALJ, which denied Mr.

Campbell's claim for benefits under the Longshore and Harbor

Workers' Compensation Act, 33 U.S.C. § 901, et seq. In his

—————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1

petition, Mr. Campbell, in effect, challenges the sufficiency of the evidence to support the denial of his disability benefits claim. Our review of a decision of the BRB is limited in scope to "considering errors of law and making certain that the BRB adhered to its statutory standard of review of factual determinations, that is, whether the ALJ's findings of fact are supported by substantial evidence and [are] consistent with the law."[1]

The key issue before the ALJ was whether Mr. Campbell's disability was caused by (1) a work-related injury or (2) circumstances unrelated to his job. The ALJ found that, even though Mr. Campbell had met his burden of establishing a prima facie case for benefits,[2] his employer successfully rebutted that presumption by adducing substantial evidence to show that Mr. Campbell's injury was pre-existing and that it was not exacerbated by his work-related trauma.[3] As a result, the ALJ was obligated to assess the issue of causation by looking at all of the record evidence, which he did.[4] After doing so, the ALJ concluded that the weight of the credible testimony and medical evidence demonstrated that Mr. Campbell had failed to establish a sufficient relationship between the work trauma that he had experienced and

---

[1] Ortco Contractors, Inc. v. Charpentier, 332 F.3d 283, 287 (5th Cir. 2003).

[2] See id.

[3] See id. at 288-89.

[4] Id. at 290.

2

the disability for which he was asserting a claim for benefits. Thus, Mr. Campbell's claim was denied because he ultimately failed to meet his burden of proof. In affirming the ALJ's decision, the BRB concluded that the ALJ appropriately weighed the evidence and that his decision was supported by the record.

Having reviewed the arguments and authorities cited in the parties' briefs, the record on appeal, and the extensive, comprehensive and well-reasoned decisions of both the ALJ and BRB,[5] we conclude that Mr. Campbell's petition must be

DENIED.

---

[5] We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. FED. R. APP. P. 34(a)(2).